[Cite as *State v. Green*, 2020-Ohio-4370.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190280 |
| | | TRIAL NO. C-19CRB-1584B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TERRENCE GREEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 9, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Terrence Green appeals his conviction for misconduct at an emergency in violation of R.C. 2917.13(A)(3). In two assignments of error, Green challenges the sufficiency and weight of the evidence supporting his conviction. Finding his arguments to be without merit, we affirm the trial court's judgment.

*Factual and Procedural Background*

{¶2} Following an encounter with two Colerain Township police officers during a countywide snow emergency, Green was charged with misconduct at an emergency.[1] The following evidence was adduced at a jury trial.

{¶3} Colerain Township Police Officer Patrick Enneking testified that he was on patrol the night of the snow emergency and that the conditions were treacherous. According to him, the weather was "extremely snowy," the roads were horrible, and there was poor visibility. It was snowy, extremely windy, and windshields were freezing up. Officer Enneking testified that multiple vehicles were getting stuck on Banning Road. Because of this and the conditions, he blocked Banning Road with his cruiser. He stopped each approaching vehicle and assisted its driver in parking in a nearby lot. Officer Enneking encountered Green on Banning Road, where Green's car was stopped diagonally across the double yellow line in the roadway. Green got out of his car, and according to Officer Enneking, Green told him that he was traveling to a friend's house. Officer Enneking asked Green to park

---

[1] Green was also charged with resisting arrest and carrying a concealed weapon, but was acquitted of those offenses.

his car in a nearby lot, as he was fearful that someone would get struck by a passing car because it was difficult for cars to safely travel in either direction based on where Green's car was stopped. Green refused, and their conversation became argumentative as Green insisted that he did not have to move his car.

{¶4} Sergeant Scott Owen responded to assist Officer Enneking. According to Sergeant Owen, it was snowing heavily, the winds were brutal, the roads were not properly cleared, and it was one of the worst nights of inclement weather in which he had worked. Sergeant Owen testified that Green continued to refuse to move his car, telling the officers that he did not want the car to "get stuck." After being informed that he would be arrested for misconduct at an emergency if he failed to move his car, Green reentered the car and locked the doors. The officers knocked on the car's windows, ordered Green out, and told him that he was under arrest. Green shifted the car into reverse and hit the gas, and the tires began spinning. Officer Enneking testified that both officers would have been struck if the car had traction. Sergeant Owen threatened to break a window with his baton if Green did not comply with their order to exit from the car. Green eventually put the car in park and unlocked the doors. Officer Enneking and Sergeant Owen then pulled him from the car. Green refused to put his hands behind his back, and the officers took Green to the ground and handcuffed him. After Green was placed under arrest, he informed the officers that he was driving to work, rather than to a friend's house as he had initially stated. Both officers testified that Green was dressed in plain clothes and was not wearing a work uniform. And Sergeant Owen asked Green for his supervisor's telephone number so that he could confirm that Green was in fact on his way to work, but Green refused to provide the number.

{¶5}    Green testified in his own defense.  He stated that he was driving from a friend's house to his job as a Metro bus driver when he encountered Officer Enneking on Banning Road.  Green assumed the road was blocked after seeing a police cruiser.  He attempted to turn around, but stopped mid-turn and exited from his car to speak to Officer Enneking after seeing that officers had let another car through.  Green explained that after being informed that the county was under a level two snow emergency and that he should not be on the road, he told Officer Enneking that he was on his way to work.  He testified that his work uniform was in the trunk of the car.  Green stated that he offered to drive back the way he had come, but that Officer Enneking and Sergeant Owen told him to move his car off the road and park it.  Green stated that he wanted to move his car, but that, in his opinion, it was unsafe to park the car where the officers directed because he feared it would get stuck.

{¶6}    According to Green, the officers threatened to cite him for misconduct in an emergency, and he reentered his car to call his work supervisor.  While he was in the car, the officers tapped on the window and ordered him out.  Green testified that he did not lock his car doors, but that the doors automatically locked when he put the car in reverse to move it.  Green unlocked the doors, and the officers forcibly pulled him out and handcuffed him.  Green denied refusing to exit from his car.

{¶7}    Green was found guilty of misconduct at an emergency, a fourth-degree misdemeanor.  The trial court imposed a sentence of 30 days in jail, but suspended 29 of those days and awarded Green credit for one day served.  It additionally imposed a fine and court costs, ordered Green to perform 150 hours of community service, and placed him on community control for one year.

4

***Sufficiency and Weight***

{¶8}   In two assignments of error, Green argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. We address these arguments together.

{¶9}   In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.   In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 397, 678 N.E.2d 541 (1997).  We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.  *Id.*

{¶10}  Green was convicted of misconduct at an emergency in violation of R.C. 2917.13(A)(3), which provides that "No person shall knowingly * * * Fail to obey the lawful order of any law enforcement officer engaged in the law enforcement officer's duties at the scene of or in connection with a fire, accident, disaster, riot, or emergency of any kind."   Green concedes that a countywide snow emergency constitutes an emergency for purposes of the statute, but contends that the officers' order for him to move his car was not "lawful."

{¶11}  The purpose of R.C. 2917.13 is to "give law enforcement the power to exercise extraordinary control to protect the public." *Parma v. Odolecki*, 8th Dist. Cuyahoga No. 104160, 2017-Ohio-2979, ¶ 52, quoting *Kinzer v. Schuckmann,* 850 F.Supp.2d 785, 794 (S.D.Ohio 2012).  For this reason, some deference "is owed to an

officer's assessment of danger to bystanders and discerning impediment to efforts and safety of the officers attempting to manage the situation." *Id.*

{¶12} Here, Officer Enneking and Sergeant Owen were directing traffic during a snow emergency on a road in which road conditions were horrible, visibility was poor, and multiple vehicles were getting stuck. In their judgment, they determined that Green's car, which was stopped diagonally across the yellow line in the roadway, posed a danger to their own safety and to the safety of others on the road, and they ordered Green to move the vehicle into what they deemed to be a safe location in a nearby parking lot. This is where the officers had previously directed other cars, all apparently without incident. The officers' order that Green move his vehicle was given to protect their own safety and that of the public and Green, and it was a lawful order. *See State v. Olsen*, 9th Dist. Medina No. 1503, 1987 WL 6058 (Jan. 28, 1987) (determining that "a police order given at an accident scene which instructs a driver to move out of a wrong traffic lane and back into the correct lane of traffic after she has 'jumped line' by proceeding in the wrong lane" was lawful and affirming a conviction for a violation of R.C. 2917.13).

{¶13} Viewed in the light most favorable to the prosecution, the evidence introduced at trial established that Green knowingly failed to obey the lawful order that he move his vehicle during a snow emergency. *See Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus. Green's conviction for misconduct at an emergency was, therefore, supported by sufficient evidence.

{¶14} We further hold that Green's conviction was not against the manifest weight of the evidence. The jury, as the trier of fact, was in the best position to judge the credibility of the witnesses. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d

212 (1967), paragraph one of the syllabus; *State v. Williams*, 1st Dist. Hamilton No. C-180574, 2020-Ohio-1367, ¶ 36. It was entitled to believe the officers' testimony that Green refused to comply with their order to move his car, and to reject Green's testimony that he was willing to move his car, but not to the location specified by the officers. It was also entitled to believe the officers' testimony that the nearby parking lot was a safe location in which to park a vehicle, rather than Green's assertion that his car would get stuck if moved to where the officers directed. This was not the rare case in which the trier of fact lost its way and committed such a manifest miscarriage of justice in finding Green guilty that his conviction must be reversed. *See Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶15} Green's conviction for misconduct at an emergency was supported by sufficient evidence and was not against the manifest weight of the evidence. The first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.